ERIC BALL (CSB No. 241327)
eball@fenwick.com
IRENE AGUIRRE (CSB No. 318947)
iaguirre@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Plaintiff
PILOT.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PILOT.COM, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>OMNICORP INC. DBA PILOT AI,<br><br>  Defendant. | Case No.: 5:23-cv-04250<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pilot.com, Inc. ("Pilot") for its Complaint against Defendant Omnicorp Inc. dba Pilot AI ("Defendant" or "Pilot AI") alleges as follows:

1. Pilot uses the trademark PILOT to identify its services such as accounting, bookkeeping, CFO, and tax services for startups and growing businesses, which it offers in several countries around the world to customers in a wide variety of industries.

2. As part of its business, Pilot powers the financial back office for businesses by providing consumers with its online non-downloadable software designed to facilitate financial management and provide valuable insights to help consumers grow their businesses.

3. This action arises from Defendant's unauthorized use of confusingly similar marks PILOT AI, PILOT.AI, PILOT, and GETPILOT.AI (collectively the "PILOT-based Marks") in connection with various goods and services related to automating administrative work for

businesses, which will cause consumers to mistakenly believe that Pilot is affiliated with Defendant.

4. By using the confusingly similar PILOT-based marks, Defendant is likely to cause confusion that Pilot is the source or sponsor of Defendant's products or services, or that there is an association between Pilot and Defendant, in violation of the Lanham Act and related state law.

5. Accordingly, Pilot seeks injunctive relief and damages under federal trademark infringement law (15 U.S.C. § 1114), federal false designation of origin law (15 U.S.C. § 1125(a)), the common law doctrine of trademark infringement, and unfair competition within the meaning of California Business and Professions Code §§ 17200 *et seq*.

**JURISDICTION AND VENUE**

6. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has its principal place of business in the Northern District of California and claims to have trademark rights in the State of California and this judicial district. Further, on information and belief, Defendant directs and supports its infringing activities and unlawful and unfair business practices from its California offices.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338 and 1367. Pilot's claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051, *et seq*. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events and injuries giving rise to the claims set forth herein occurred in this district. On information and belief, Defendant claims to provide its products and services using the infringing marks in this district, and Defendant's CEO claims a connection to this district in his marketing of Pilot AI.

**INTRA-DISTRICT ASSIGNMENT**

9. Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## THE PARTIES

10. Plaintiff Pilot is a corporation duly organized and existing under the laws of the state of Delaware with its headquarters at 353 Sacramento St. Ste #1900, San Francisco, CA 94111.

11. Upon information and belief, Defendant Pilot AI is a corporation organized and existing under the laws of the state of Delaware, with its headquarters in California.

## PILOT'S BUSINESS AND MARKS

12. Pilot is a comprehensive financial services provider for businesses. Founded in 2016, Pilot's products and services enable businesses to streamline financial management, integrate accounting tools seamlessly, maximize savings, raise capital, and improve financial accuracy and reliability. Customers of Pilot have received +$10 billion in fundraising and +$36 million in R&D tax savings. Additionally, Pilot has helped customers process over 10 million transactions and provided customers with over 250 integrations to choose from.

13. Pilot is a leading provider of bookkeeping services for startups and small businesses. Pilot was established with the objective of modernizing bookkeeping practices. Catering to growing businesses, Pilot employs a team of over 350 dedicated, full-time finance professionals based in the U.S. who become well-versed in each company's unique operations. Seamlessly integrating with the systems customers are already utilizing, Pilot combines software with skilled bookkeepers to provide precise and consistent bookkeeping services. This allows entrepreneurs to concentrate on their core business activities while also benefiting from a range of supplementary financial services.

14. Pilot's products and services are sold throughout the United States. Pilot's products and services are used by over one thousand customers ranging in all sizes and spanning many industries.

15. Pilot has used the PILOT mark at least as early as 2017 and uses its PILOT mark in connection with advertising, marketing, and promoting its products and services worldwide through multiple platforms, including but not limited to Pilot's website, www.pilot.com, Facebook, Twitter, and LinkedIn.

16. Because of Pilot's significant investment in advertising, promotion, and use of the PILOT mark, Pilot has developed recognition for its products and services under the PILOT mark and has acquired and enjoys a valuable reputation and goodwill under its mark.

17. The PILOT mark assures customers and the public that the products and services that are offered in connection with the PILOT mark meet the high-quality standards for which Pilot has established its reputation and goodwill.

18. Pilot owns a trademark registration for PILOT (U.S. Trademark Registration No. 5,550,048) for bookkeeping services and providing temporary use of non-downloadable computer programs for bookkeeping, for organizing data relating to and servicing receivables and payables, for performing revenue recognition, for tracking income, expenses, and other financial metrics, for creating financial reports and for importing and organizing financial data. A copy of the registration is attached hereto as Exhibit A.

19. Pilot also has a pending trademark application for the PILOT mark (U.S. Trademark App. No. 97612190). Pilot filed the application on September 29, 2022 and covers tax preparation and filing services; tax advisory and consulting services; tax compliance services; tax planning and tax management services; foreign tax business services; conducting financial tax studies; providing tax analysis and calculation in the nature of business accounting and assessment and planning services; accounting services; responding to inquiries and audit examinations from tax authorities; business auditing services; business management and consulting services; merger, acquisition and divestiture consulting and advisory services; credit assessment services; financial services; financial services, namely, equity administration services; financial services, namely, financial planning and investment advisory services; financial services, namely, wealth management services; financial services, namely, recording transactions on customer's equity ledgers; financial services, namely, facilitating the issuance of equity awards to service providers; maintaining and updating corporate records, namely, maintaining the number of authorized shares, par value and other principal rights and preferences, as maintainable in stock records and in accordance with the customer's charter, monitoring equity pool balances, and assisting 83(b) filings for the purchase of unvested shares; online non-downloadable software for

tax preparation and consulting services; and online non-downloadable software to facilitate the collection of information and preparation and filing of tax forms. A copy of the application is attached hereto as Exhibit B.

20. Through its extensive uses of the PILOT mark, Pilot also owns common law trademark rights in the PILOT mark for all of the products and services marketed under the PILOT mark.

**DEFENDANT'S BUSINESS AND INFRINGEMENT OF PILOT'S MARKS**

21. Upon information and belief, Defendant provides services related to automating administrative work for businesses.

22. Upon information and belief, Defendant uses the PILOT-based Marks on its website located at www.getpilot.ai in connection with its product that assists consumers by pulling information from sales calls and providing notes and auto populating customer relation management fields by turning conversation into data points.

23. Upon information and belief, Defendant is using Pilot AI as its business name, Pilot for its product, and getpilot.ai as its domain name.

24. Like Pilot, Defendant offers back office software to support and streamline businesses' operational processes.

25. Pilot is informed and believes that Defendant intentionally used the PILOT-based Marks, without Pilot's permission, in interstate commerce only after Pilot registered its PILOT mark and began using it in interstate commerce.

26. Defendant's continued use of the PILOT-based Marks is likely to cause confusion, mistake or deception and create an erroneous impression that Defendant's products and services have a connection, source, sponsorship, or affiliation with Pilot and its products and services.

27. Defendant's continued use of the PILOT-based Marks deprives Pilot of the ability to control and maintain the high-quality products and services under the PILOT mark. Given Pilot's advertising and promotion of its products and services and its reputation in the industry, Defendant's use of the PILOT-based Marks will continue to cause a likelihood of confusion among the public by causing individuals to attribute incorrectly the quality and content of

Defendant's offerings to Pilot. That likelihood of confusion jeopardizes Pilot's relationship with its current and prospective customers and the public. That confusion also places Pilot's valuable reputation in the hands of Defendant, over which Pilot has no control.

28. Defendant's use of the PILOT-based Marks has caused, and continues to cause, irreparable injury to Pilot and its reputation and goodwill, and unless enjoined will cause further irreparable injury for which Pilot has no adequate remedy at law.

29. Because Defendant undertook its unauthorized use of the PILOT-based Marks after Pilot registered its PILOT mark and over Pilot's objection to Defendant's use, Defendant's use and infringement of the PILOT mark is willful and intentional.

30. Defendant has been aware of Pilot's PILOT mark since at least September 19, 2022, when Pilot's CEO, Waseem Daher, sent an email to Defendant's CEO, Maxwell Lu, informing Defendant of its infringement, to which Mr. Lu responded on the same day saying that Defendant, Pilot AI, would rebrand and stop use of the PILOT-based Marks.

31. Defendant, however, continued to use the infringing PILOT-based Marks. Therefore, on January 23, 2023, Mr. Daher sent Mr. Lu a second email to confirm that Defendant's rebrand was still in progress and to clarify the timeline of the rebrand. Pilot received no response.

32. Then, on April 12, 2023, Pilot's counsel sent Defendant a letter informing Defendant of its infringement again.

33. Finally, after receiving no response to the April 12, 2023 letter, Pilot's counsel followed up on May 26, 2023 to reiterate the request that Defendant change its name and cease all use of the infringing PILOT-based Marks, to which there was no response.

34. As of the date of this Complaint, Pilot has not received a response from Defendant since the September 19, 2022 email.

35. Because Defendant has in bad faith ignored Pilot's attempts to amicably resolve this dispute informally, Pilot has no choice but to file this Complaint.

# FIRST CAUSE OF ACTION

# FEDERAL TRADEMARK INFRINGEMENT

# (15 U.S.C. § 1114)

36. Pilot realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 35 of this Complaint.

37. Defendant either had actual notice and knowledge, or had constructive notice, of Pilot's ownership and registrations of its PILOT mark pursuant to 15 U.S.C. § 1072 before Defendant's adoption and use of the PILOT-based Marks.

38. Upon information and belief, Defendant was aware of Pilot's business and its PILOT mark and registration prior to the adoption and use of the PILOT-based Marks.

39. Upon information and belief, Defendant, without Pilot's consent, deliberately adopted and used the PILOT-based Marks in an attempt to trade on the goodwill, reputation, and selling power established by Pilot under its PILOT mark.

40. Defendant's use of the PILOT-based Marks falsely indicates to consumers that Defendant's products, and any related services, are in some manner connected with, sponsored by, affiliated with, or related to Pilot and its products and services.

41. Defendant's unauthorized use of the PILOT-based Marks is also likely to cause consumers to be confused as to the source, nature and quality of the products and any related services that Defendant is promoting or selling.

42. Defendant's unauthorized use of the PILOT-based Marks in connection with the sale of its products and any related services allows, and will continue to allow, Defendant to receive the benefit of the goodwill established at great labor and expense by Pilot and to gain acceptance of Defendant's products and any related services, not based on the merits of those products and services, but on Pilot's reputation and goodwill.

43. Defendant's unauthorized use of the PILOT-based Marks in connection with the sale of its products and any related services deprives Pilot of the ability to control the consumer perception of the quality of the products and any related services marketed under the PILOT mark, and places Pilot's reputation and goodwill in the hands of Defendant, over which Pilot has

no control.

44. Defendant's unauthorized use of the PILOT-based Marks is likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

45. As a direct and proximate result of Defendant, Pilot has suffered and will continue to suffer damages in an amount to be determined at trial.

46. Pilot has been, is now, and will be irreparably injured and damaged by Defendant's trademark infringement, and unless enjoined by the Court, Pilot will suffer further harm to its reputation and goodwill. This harm is an injury for which Pilot has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a))

47. Pilot realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 46 of this Complaint.

48. Defendant's unauthorized use of the PILOT-based Marks falsely suggest that its products and any related services are connected with, sponsored by, affiliated with, or related to Pilot, and is a false designation of origin in violation of 15 U.S.C. § 1125(a).

49. As a direct and proximate result of Defendant, Pilot has suffered and will continue to suffer damages in an amount to be determined at trial.

50. Pilot has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Pilot will suffer further harm to its reputation and goodwill. This harm is an injury for which Pilot has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## VIOLATION OF COMMON LAW TRADEMARK RIGHTS

51. Pilot realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 50 of this Complaint.

52. Pilot owns and has valid common law trademark rights in its PILOT mark used in connection with a wide range of products and services identified herein.

53. Defendant's use of the PILOT-based Marks is in violation and derogation of Pilot's common law trademark rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, and/or quality of Defendant's products and any related services, thereby causing loss, damage, and injury to Pilot and to the purchasing public.

54. Pilot is informed and believes, and thereon alleges, that Defendant's violations of Pilot's common law trademark rights have been knowing, deliberate, willful, intended to cause mistake and to deceive, and are in disregard of Pilot's rights.

55. As a direct and proximate result of Defendant's violation of Pilot's common law trademark rights, Pilot has suffered and will continue to suffer damages in an amount that Pilot will prove at trial.

56. Pilot has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Pilot will suffer further harm to its reputation and goodwill. This harm is an injury for which Pilot has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (CAL. BUS. & PROF. CODE §§ 17200)

57. Pilot realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 56 of this Complaint.

58. On information and belief, Defendant manages, controls, and directs the promotion and sale of the infringing and misleading products and services sold under the PILOT-based Marks.

59. Defendant's unauthorized use of the PILOT-based Marks and unauthorized promotion and sale of its product and services is unfair competition, including unlawful and fraudulent business practices in violation of California Business and Professional Code § 17200 *et seq.* and of Pilot's rights.

60. Defendant's unauthorized use of the PILOT-based Marks is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin,

sponsorship, affiliation, nature and/or quality of Pilot's products and services and commercial activities, thereby causing loss, damage, and injury to Pilot and to the purchasing public.

61. Pilot believes, and therefore alleges, that Defendant has obtained money or property through its misconduct that rightly belongs to Pilot and that it has deprived Pilot of that money or property.

62. As a direct and proximate result of Defendant's conduct, Pilot has suffered and will continue to suffer damages in an amount to be determined at trial.

63. Pilot has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Pilot will suffer further harm to its reputation and goodwill.  This harm is an injury for which Pilot has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pilot asks the Court for a judgment against Defendant Pilot AI as follows:

1. An entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with it, be enjoined and restrained from (a) using in any manner the infringing PILOT-based Marks or any mark or domain name that wholly incorporates the "PILOT" mark or is confusingly similar to or a colorable imitation of this mark; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Pilot's products or services, as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, including prospective customers, into believing that there is some connection between Defendant and Pilot;

2. Ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction or impoundment, or to show proof of destruction or impoundment, to eliminate the infringing matter in all articles, materials, documents, files, advertisements, promotional items, servers, other storage media, systems, software, or other matter in their possession, custody, or control that infringe or otherwise violate Pilot's rights in Pilot's PILOT mark, or any mark that is confusingly

similar to or a colorable imitation of Pilot's PILOT mark, including all marks this Complaint identifies;

3. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Pilot within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all offering of products and any related services under the infringing PILOT-based Marks as set forth above;

4. A judgment in the amount of Pilot's actual damages, Defendant's profits, Pilot's reasonable attorneys' fees and costs of suit, and pre-judgment interest pursuant to 15 U.S.C. § 1117;

5. A judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

6. A judgment granting Pilot such other and further relief as the Court deems just and proper.

Dated: August 21, 2023         FENWICK & WEST LLP

By: /s/Eric Ball
    Eric Ball

Attorneys for Plaintiff
PILOT.COM, INC.

## JURY DEMAND

Plaintiff Pilot hereby requests a trial by jury.

Dated: August 21, 2023         FENWICK & WEST LLP

By: /s/Eric Ball
    Eric Ball

Attorneys for Plaintiff
PILOT.COM, INC.

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# PILOT

**Reg. No. 5,550,048**
**Registered Aug. 28, 2018**
**Int. Cl.: 35, 42**
**Service Mark**
**Principal Register**

Pilot.com, Inc. (DELAWARE CORPORATION)
P.o. Box 7775 No. 86889
San Francisco, CALIFORNIA 94120

CLASS 35: Bookkeeping services

FIRST USE 7-17-2017; IN COMMERCE 7-17-2017

CLASS 42: Providing temporary use of non-downloadable computer programs for bookkeeping, for organizing data relating to and servicing receivables and payables, for performing revenue recognition, for tracking income, expenses, and other financial metrics, for creating financial reports and for importing and organizing financial data

FIRST USE 7-17-2017; IN COMMERCE 7-17-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-763,153, FILED 01-19-2018



Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-07-06 12:01:36 EDT |
| **Mark:** | PILOT |

# PILOT

| | | | |
|---|---|---|---|
| **US Serial Number:** | 97612190 | **Application Filing Date:** | Sep. 29, 2022 |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |
| **TM5 Common Status Descriptor:** |  | LIVE/APPLICATION/Awaiting Examination  The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner. | |
| **Status:** | New application awaiting assignment to an examining attorney. See current trademark processing wait times for more information. | | |
| **Status Date:** | Oct. 19, 2022 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | PILOT |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Tax preparation and filing services; Tax advisory and consulting services; Tax compliance services; Tax planning and tax management services; Foreign tax business services; Conducting financial tax studies; Providing tax analysis and calculation in the nature of business accounting and assessment and planning services; Accounting services; Responding to inquiries and audit examinations from tax authorities; Business auditing services; Business management and consulting services; Merger, acquisition and divestiture consulting and advisory services; Credit assessment services | | |
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |
| **For:** | Financial Services; Financial services, namely, equity administration services; Financial services, namely, financial planning and investment advisory services; Financial services, namely, wealth management services; Financial services, namely, recording transactions on customer's equity ledgers; Financial services, namely, facilitating the issuance of equity awards to service providers; Maintaining and updating corporate records, namely, maintaining the number of authorized shares, par value and other principal rights and preferences, as maintainable in stock records and in accordance with the customer's charter, monitoring equity pool balances, and assisting 83(b) filings for the purchase of unvested shares | | |
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |
| **For:** | Online non-downloadable software for tax preparation and consulting services; Online non-downloadable software to facilitate the collection of information and preparation and filing of tax forms | | |
| **International** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |

**Class(es):**
**Class Status:** ACTIVE
**Basis:** 1(b)

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** Pilot.com, Inc.
**Owner Address:** 353 Sacramento St Ste 1900
San Francisco, CALIFORNIA UNITED STATES 94111
**Legal Entity Type:** CORPORATION
**State or Country Where Organized:** DELAWARE

## Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Connie L. Ellerbach
**Docket Number:** 39419-00070
**Attorney Primary Email Address:** trademarks@fenwick.com
**Attorney Email Authorized:** Yes

**Correspondent**

**Correspondent Name/Address:** Connie L. Ellerbach
FENWICK & WEST LLP
801 CALIFORNIA STREET
SILICON VALLEY CENTER
MOUNTAIN VIEW, CALIFORNIA UNITED STATES 94041

**Phone:** 650-988-8500
**Fax:** 650-938-5200
**Correspondent e-mail:** trademarks@fenwick.com
**Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jun. 28, 2023 | PRELIMINARY/VOLUNTARY AMENDMENT - ENTERED | 96338 |
| Jun. 28, 2023 | ASSIGNED TO LIE | 96338 |
| Mar. 01, 2023 | TEAS VOLUNTARY AMENDMENT RECEIVED | |
| Oct. 17, 2022 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Oct. 03, 2022 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** TMEG LAW OFFICE 101
**Date in Location:** Jun. 28, 2023